IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REX BOWMAN                                                                     PLAINTIFF

v.                      Civil No. 04-5242

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Rex Bowman, appealed to this Court from the denial of supplemental security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On September 15, 2005, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #10 & 11).

Plaintiff's attorney, Mima Kilgore Cazort, filed Plaintiff's Request For Attorney Fees And Costs Under The Equal Access to Justice Act[1], on December 8, 2005 (Doc. #12 & 13). The Commissioner filed her Response on January 5, 2006 (Doc. #14). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

Plaintiff is the prevailing party in this matter. The Commissioner does not object to the award of reasonable attorney fees and expenses under the *EAJA*, does not object to the

---

[1] *The Equal Access to Justice Act* (hereinafter the "*EAJA*").

hourly rate requested by plaintiff's counsel, and does not object to the number of reimbursable hours claimed by counsel. The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved.

AO72A
(Rev. 8/82)

*Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2412(d)(2)(A)*. Plaintiff's attorney requests an award under the *EAJA,* at the rate of $125.00 per hour for the 25.42 hours which she asserts were devoted to the representation of plaintiff in this Court. As previously noted, the Commissioner has raised no objection. We note that an award based upon this hourly rate, reflecting an increase in the cost of living as set by Congress, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990)*. Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour. Counsel has also requested reimbursement for costs in the amount of $12.00. The undersigned finds that the costs are reasonable, and counsel's claim for reimbursement of costs should be granted.

Further, we have reviewed counsel's itemization of time attached to her Memorandum Brief in Support (Doc. #13, Exhibit 1). Defendant has not objected to the number of hours for which counsel seeks a fee award, and we find the majority of the time asserted to have been spent in representation of the plaintiff before the district court, to be reasonable. However, counsel seeks compensation for 2 hours on August 24, 2004, and an additional 2 hours on September 3, 2004, for office visits with the plaintiff. However, plaintiff's Complaint was not filed until September 16, 2004. Counsel cannot recover a fee for work performed at the administrative level. See *Cornella v. Schweiker, 741 F.2d 171-172 (8th Cir.1984)*. Thus, the undersigned deducts 4 hours from the amount of compensable time sought.

Further, counsel for the plaintiff seeks compensation for: 20 minutes on September 26, 2004, for "send[ing] certifies (sic) letters of service to all interested parties with Summons and attachments of petition; edit all mailings; 15 minutes on April 19, 2005 to "mail copy of Brief to U.S. attorney"; and, 15 minutes on April 19, 2005 to "mail copy of brief to Court." Work which could have been performed by support staff is not compensable under the *EAJA*. See *Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987)*. Thus, an additional half hour of the time for which compensation is sought must be deducted. Total deductions equal 4.5 hours. Thus, we find that plaintiff's counsel is entitled to compensation under the *EAJA* for 20.92 hours.

Accordingly, we find that counsel is entitled to compensation for 20.92 hours at the rate of $125.00 per hour, for an attorney's fee award of $2,615.00, plus reimbursement of $12.00 in costs, for a total award of $2,627.00 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 12th day of January, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)